FILED
2018 Feb-27 AM 11:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DAVID PARKS,** | ) |
| **Claimant,** | ) |
| vs. | ) Case No. 7:17-CV-1279-CLS |
| **NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, David Parks, commenced this action on July 30, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) he satisfied the requirements for Listing 1.02; (2) the ALJ did not consider all the medical evidence in the record; (3) the ALJ improperly evaluated the opinions of the treating and consultative physicians; (4) the ALJ failed to consider the combined effect of all his impairments; and, (5) the ALJ failed to take into account his inability to afford medical treatment. Upon review of the record, the court finds merit in claimant's objections to the ALJ's consideration of the consultative examiner's assessment.

Social Security regulations provide that, in considering what weight to give *any* medical opinion, regardless of whether it is from a treating or non-treating source, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other relevant factors. *See* 20 C.F.R. § 416.927(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Mohamed Kazamel conducted a consultative physical examination on

August 9, 2014. Claimant reported that he had been involved in a motor vehicle accident on January 10, 2014, that resulted in a lacerated spleen, large bowel injury requiring a colostomy, collapsed lung, and fractures of the jaw, femur, and fibula. He suffered additional fractures to his lower right leg in a fall two weeks before the examination, and he was wearing a below-knee cast. Claimant reported that his daily activities included sitting on the porch of his home, listening to music, bathing himself, and feeding himself. He was not able to shower, prepare meals, or dress himself. During the examination, claimant was able to remove the sock and shoe from his left foot, and to climb onto the examination table without any assistance, but he did need assistance stepping down from the examination table. Other than a surgical scar, his abdominal examination was normal. Because claimant was walking with crutches, Dr. Kazamel could not evaluate his coordination, station, or gait. Claimant demonstrated full strength in all muscle groups, other than the muscles moving his right foot, which could not be tested because of the cast. Claimant's gross and fine motor skills were normal, as were his sensory exam and deep tendon reflexes. Dr. Kazamel assessed claimant with a fracture of the right leg bone, history of splenic laceration and large bowel injury status post colostomy and revision, history of right femur fracture, history of mandibular fracture, history of right fibular fracture, and history of left pneumothorax. Dr. Kazamel's Medical Source Statement

was as follows:

> *It is hard to assess his function for standing and walking, keeping in mind that he is still in a cast for a temporary fracture for now*, but I would say currently the maximum time of standing and walking is less than two hours.
>
> Maximum sitting capacity is not limited.
>
> Assistive device: He is using crutches which are necessary based on my objective evaluation for all distances and all terrains because of his right leg bone fracture.
>
> Maximum lifting and carrying capacity: *He can only now carry occasionally 10 pounds and frequently 5 pounds because of the fracture and the need to walk on crutches* and the multiple trauma conditions.
>
> Fine and gross manipulative activities: He has no limitations in reaching overhead, reaching forward, handling, fingering or feeling.
>
> Postural limitations: He can only frequently climb up stairs. *He can never use ladders because of his current fracture and use of crutches.* He does not have problems with stooping, crouching, kneeling or crawling.
>
> Workplace environmental activities: He has no limitations in hearing or speaking. [*He*] *may have limitations in driving or unprotected heights because of his fracture and using crutches.* No limitations in extremes of temperature or working around chemicals, dust, fumes or gases.

Tr. 579-84 (alteration and emphasis supplied).

The ALJ gave "good weight" to Dr. Kazamel's opinion "as it is consistent with the evidence because at this time the claimant was still recovering from his fractures and walking on crutches and in a cast. However, the claimant has since improved in

4

his ability to stand and walk as he is now out of his cast and no longer walking on crutches."[1] It appears that the ALJ took Dr. Kazamel's opinion into consideration when he concluded that claimant retained the residual functional capacity to perform a full range of sedentary work.[2]

Claimant asserts that the ALJ was wrong to rely upon Dr. Kazamel's assessment because it was incomplete. The court agrees. Dr. Kazamel's assessment reflected claimant's abilities on the date of the examination; but, as Dr. Kazamel noted, plaintiff's functional abilities were affected by the fracture he suffered two weeks earlier. The impairments resulting from the fracture were expected to be temporary, so Dr. Kazamel's assessment cannot reasonably be relied upon to reflect claimant's abilities on a continuing basis. Without any assessment that provides a more long-term picture of claimant's abilities, the ALJ's finding is not supported by substantial evidence. Remand is warranted for the purpose of gathering evidence regarding the long-term functional effects of claimant's impairments, *after* he healed

---

[1] Tr. 33.

[2] Social Security regulations define sedentary work as involving

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §416.967(a).

from the lower leg fracture he sustained in July of 2014. It may very well be that claimant actually is capable of doing *more* than what was assessed by Dr. Kazamel, but the disability decision must be made based upon a complete assessment of claimant's long-term abilities.

Accordingly, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

DONE this 27th day of February, 2018.

/s/ Lynwood Smith
United States District Judge